Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

1

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the crimes of solicitation of a crime of violence and use of an interstate facility with the intent that a murder-for-hire be committed. The defendant has pled not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendants is guilty. It does not even raise a suspicion of guilt.

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

You will remember that, during the trial, I instructed you that I admitted certain evidence for a limited purpose. Specifically, you heard Mr. Frank Sodetz testify about what Mr. Robert Bevis told Mr. Sodetz and about what Mr. Sodetz believed the conversations between Mr. Bevis and Mr. Dvorkin meant. You must consider this evidence only for the limited purpose for which it was admitted, specifically, simply to explain why Mr. Sodetz decided to take the particular next steps in the investigation.

4

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

A defendant has an absolute right not to testify. You may not consider in any way the fact that the defendant did not testify. You should not even discuss it in your deliberations.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

It is proper for an attorney to interview any witness in preparation for trial.

You have heard evidence that before the trial, witnesses made statements that may be inconsistent with their testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony was here in court. If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.

You have heard testimony about Robert Bevis's character for untruthfulness. You may consider this evidence only in deciding the believability of Robert Bevis's testimony and how much weight to give it.

You have heard testimony from Robert Bevis, who was granted immunity for his trial testimony, meaning that his trial testimony cannot be used against him in any criminal case. You may give this witness' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

You have heard testimony about the defendant's character for peacefulness. You should consider this testimony together with and in the same you consider the other evidence.

You have heard from certain witnesses—namely, Michael Mulcahy, Erin Gabor, William Truemper, and Alexander Kerr—who gave opinions and testimony about subjects based on those witnesses' experience, training, and education. You do not have to accept these witnesses' testimony. You should judge these witnesses' testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to the testimony, you should consider the particular witness' qualifications, how he reached his conclusions, and the factors I have described for determining the believability of testimony.

You have heard recorded conversations. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversations to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to listen to the recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

A demonstrative exhibit was shown to you to help explain other evidence that was admitted. Specifically, you were shown Government Exhibit 20, a timeline of dates. This timeline is not itself evidence or proof of any facts, so you will not have this timeline during your deliberations.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

18

Count One of the indictment charges the defendant with soliciting Robert Bevis to commit a violent crime, namely, the crime of murder-for-hire. In order for you to find the defendant guilty of this charge, the government must prove each of the two following things beyond a reasonable doubt:

1.     The defendant solicited, induced, or endeavored to persuade Robert Bevis to commit a violent crime in violation of federal law; and

2.     The defendant acted with the intent that Robert Bevis commit a violent crime in violation of federal law under circumstances strongly corroborative of that intent.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

Whether a particular statement is a solicitation, an inducement, or an endeavor to persuade another person to commit a violent crime is governed by an objective standard. That is, a statement is a solicitation, an inducement, or an endeavor to persuade if the statement was made under such circumstances that a reasonable person hearing or reading the statement and familiar with its context would understand it as a serious expression of an intent to cause another to commit a violent crime. It is not necessary for a statement to contain explicitly violent language in order for the statement to be a solicitation, an inducement, or an endeavor to persuade another person to commit a violent crime.

It is not a defense that the person solicited could not be convicted of the crime because he lacked the state of mind required for its commission, or because he is not subject to prosecution.

You are instructed as a matter of law that the crime of murder-for-hire, which I will define later in detail when I get to Counts Two through Six, is a violent crime in violation of federal law.

You are further instructed that, although murder-for-hire requires actually causing interstate travel, or actually using or causing the use of an interstate facility, a solicitation, an inducement, or an endeavor to persuade does not require actually causing interstate travel, or actually using or causing the use of an interstate facility. Instead, for Count One, the defendant need only intend that another person commit the crime of murder-for-hire. But remember that Count One requires that the defendant acted with that intent under circumstances strongly corroborative of that intent. I will now give you some instructions on the definition of strongly corroborative circumstances.

Before I give you some examples of circumstances that might be strongly corroborative of intent, you should note that even if you find that the evidence has proven one of these example-circumstances, more than one of them, or even all of them, you need not find that the circumstances are strongly corroborative of intent. And by the same token, even if you find that none of these example-circumstances exist, you could still find that the circumstances that do exist are strongly corroborative of intent. Ultimately, it is up to you to decide whether there are strongly corroborating circumstances of the defendant's intent, or put another way, whether the circumstances strongly corroborate that the defendant was serious when he allegedly solicited the criminal conduct.

Examples of strongly corroborative circumstances could include, but are not necessarily limited to, the following:

(1)    an offer or promise of payment or some other benefit to the person solicited if he would commit the offense;

(2)    a threat of harm or other damage to the person solicited for refusing to commit the offense;

(3)    repeated solicitation of the commission of the offense, discussion at length in soliciting the commission of the offense, or making explicit that the solicitation is serious;

(4)    a belief or awareness that the person solicited had previously committed similar offenses; and

(5)    acquisition of weapons, tools, or information suited for use by the person solicited in the commission of the offense, or other apparent preparations for the commission of the offense by the person solicited.

Counts Two, Three, Four, Five, and Six of the indictment charge the defendant with using or causing the use of facilities of interstate commerce with the intent that a murder for hire be committed. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1. The defendant knowingly used or caused another to use a facility of interstate commerce; and

2. The defendant did so with the intent that a murder be committed in violation of the laws of any State; and

3. Something of pecuniary value was promised or agreed to be paid in consideration for the murder.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

24

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Something of "pecuniary value" means anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage.

A "facility of interstate commerce" includes means of transportation and communication, such as land-line telephones, cellular telephones, and vehicles. To be a "facility of interstate commerce," a means of transportation does not actually have to have traveled across state lines nor does a means of communication have to have communicated across state lines.

The indictment charges that the offenses happened "on or about" certain dates or between certain dates. The government must prove that the crimes happened reasonably close to the dates in the indictment. The government is not required to prove that the crimes happened on or between the those exact dates.

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

31

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA

v.

DANIEL DVORKIN

12 CR 500

Judge Edmond E. Chang

**VERDICT FORM**

**COUNT ONE**

With respect to COUNT ONE of the Indictment, we, the jury, find defendant

DANIEL DVORKIN:

GUILTY _____        NOT GUILTY _____

1

**COUNT TWO**

With respect to COUNT TWO of the Indictment, we, the jury, find defendant

DANIEL DVORKIN:

GUILTY  _____          NOT GUILTY  _____

**COUNT THREE**

With respect to COUNT THREE of the Indictment, we, the jury, find defendant

DANIEL DVORKIN:

GUILTY _____        NOT GUILTY _____

3

**COUNT FOUR**

With respect to COUNT FOUR of the Indictment, we, the jury, find defendant DANIEL DVORKIN:

GUILTY _____          NOT GUILTY _____

## COUNT FIVE

With respect to COUNT FIVE of the Indictment, we, the jury, find defendant DANIEL DVORKIN:

GUILTY  _____          NOT GUILTY   _____

## COUNT SIX

With respect to COUNT SIX of the Indictment, we, the jury, find defendant

DANIEL DVORKIN:

GUILTY _____          NOT GUILTY _____

_____          _____

FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____

DATE

6