1          **UNITED STATES DISTRICT COURT**
           **NORTHERN DISTRICT OF ILLINOIS**
2               **EASTERN DIVISION**

3

UNITED STATES OF AMERICA,            )
4                                     )
           Plaintiff,                 )
5                                     )
           v.                         ) No. 12 CR 500
6                                     )
DANIEL DVORKIN,                       ) Chicago, Illinois
7                                     ) August 30, 2013
           Defendant.                 ) 9:00 a.m.
8                                     )
                                      )
9

10              **JURY TRIAL – VOLUME 5-A**
           **TRANSCRIPT OF PROCEEDINGS**
11      **BEFORE THE HONORABLE EDMOND E. CHANG**

12   APPEARANCES:

13    For the Plaintiff:        UNITED STATES ATTORNEY'S OFFICE
                                MS. HEATHER K. McSHAIN
14                              MR. JEFFREY D. PERCONTE
                                219 South Dearborn Street
15                              Chicago, Illinois  60604
                                312-353-5300
16

17    For The Defendant:        FRANKEL & COHEN
                                MR. SCOTT J. FRANKEL
18                              53 W. Jackson Boulevard
                                Chicago, Illinois  60604
19                              312-759-9600

20                              CHICO & NUNES
                                MR. MARK W. WALLIN
21                              333 West Wacker Drive
                                Chicago, IL 60606
22                              312-463-1000

23    COURT REPORTER:           Ms. Kristin M. Ashenhurst
                                360 E. South Water Street
24                              #4207
                                Chicago, Illinois  60601
25                              309-333-2300
                                kashenhurst@gmail.com

1                    I N D E X

2

3                                              PAGE

4

5    VERDICT                                   932

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

 1        (The following proceedings were had in open court, outside

 2   the presence of the jury.)

 3           THE CLERK:  12 CR 500, USA vs. Dvorkin.  Court is in

 4   order.

 5           THE COURT:  Please state your name for the record.

 6           MS. McSHAIN:  Good morning, your Honor.  Heather

 7   McShain for the United States.

 8           MR. FRANKEL:  Mark Wallin and Scott Frankel on behalf

 9   the defendant.

10           THE COURT:  Good morning.  We are just going to check

11   in here, and I wanted to put on the record that yesterday we

12   had our first note informing us who the foreperson was and the

13   jury was going to end the day at 4:30, and the parties agreed

14   yesterday that I could just put it on the record today.  So

15   I'll ask the courtroom deputy to put this on the docket, along

16   with whatever notes we received.  And then as the jurors were

17   gathering, they asked the court security officer if they can

18   get a speaker for the laptop.

19           MS. McSHAIN:  Okay.

20           THE COURT:  Yes.  So can you check into that?  You

21   don't have any objection to that, right?

22           MR. FRANKEL:  No.

23           MS. McSHAIN:  I'll go back downstairs and I will call

24   our ALS people who have the speakers and see if I can get one.

25   Or, I'm wondering, yes, if I can just give them one of these,

 1  which I think it will be fine.  I just don't know how to plug
 2  it into the --
 3       MR. FRANKEL:  Could the computer guy make the
 4  arrangements?
 5       THE COURT:  Yes.  It would be better if you had one of
 6  the systems people hook it up.
 7       MS. McSHAIN:  You know what --
 8       THE COURT:  I am wondering if the court security
 9  officer can just bring it out.
10       MS. McSHAIN:  I'm wondering if the court security
11  officer and I can just test it, because I just don't know which
12  laptop they have, but I think I can do it.
13       THE COURT:  Okay.  So I'm going to ask the court
14  security officer to bring the laptop out and then you can test
15  it.  And if it works, great; he will come back in with it.  If
16  not, please ask someone from systems to come up, and then --
17  but we will keep the laptop here, and that way no one goes into
18  the jury room.
19       Okay?
20       MS. McSHAIN:  Okay.
21       THE COURT:  Is that all right?
22       MR. FRANKEL:  Fine.
23       THE COURT:  Okay.
24       MS. McSHAIN:  Thank you, your Honor.
25     (Court recessed.)

1              THE COURT:  Okay.  This is 12 CR 500.  USA vs.

2    Dvorkin.  And just appearances for the record, please.

3              MS. McSHAIN:  Hello, your Honor.  Heather McShain and

4    Jeff Perconte for the United States.

5              MR. FRANKEL:  Scott Frankel and Mark Wallin for the

6    defendant, who is also present.

7              THE COURT:  All right.  We received a note, which I

8    think we provided you a copy of, and for the record it states

9    as follows -- I'm sorry.  I'm multitasking and pulling up my

10   notes.

11             Okay.  Question one:  "Can more than one count be

12   associated to the same conversation between two people?"

13             Second -- I believe it should be if -- it just has the

14   letter I, but it does sound like it's "If no to question number

15   one, can more than one count be associated with the same date?"

16   And it's signed by the foreperson and some other juror.

17             Okay.  Let me tell you what I think is being asked,

18   and then, but, of course, I need your reactions, because I am

19   certainly not 100 percent clear.  And what I propose

20   doing -- of course, I'll, again, listen to your reactions.  But

21   I don't think I can answer anything quite yet.  But we need to

22   clarify what their question is, unless you both know what

23   they're talking about.

24             I think what they're asking is that there are two

25   dates, April 18th and May 7th, which -- on which there are two

1    counts.  Counts Three and Four are associated with April 18.

2    Counts Five and Six are associated with May 7th.

3         I think that the first question is asking whether a

4    conversation on either April 18th or May 8th [sic] can be

5    considered evidence of -- on two counts, even though the two

6    counts -- which are here pairs -- charge a crime on the same

7    date.  So I think that's what they're asking, that there may be

8    some conversation on April 18th, and there may be a

9    conversation on May 7th.  And what they're wondering is, can we

10   really use that same conversation to, you know, be associated

11   with, or be the evidence of two counts?  That's my -- that's

12   what I'm guessing.

13        What do you think, Mr. Frankel?

14        MR. FRANKEL:  Judge, it's a hard one.  I agree it's

15   impossible to tell what they are talking about here.  I

16   think -- my initial reaction was that they were hung up,

17   possibly, on the phone counts and wondered -- because what

18   you're talking about is the using the interstate facility

19   charges.  Some of them are phone counts; they involve

20   conversations.  Some of them were just driving, and so that's

21   what I think they're asking you.  And I believe the answer is,

22   "No," because you have to look at each count and line it up

23   with the evidence that was presented on each count.  Either

24   "no" or "You have the instructions on how to evaluate each

25   count, and to continue deliberating based on the instructions

1   that you have."

2           THE COURT:  Well, let me ask you on your

3   interpretation -- but -- so isn't it -- I think because of the

4   word "associated," I'm not sure that I agree that the jury is

5   asking -- what I think you think they're asking is for the

6   counts where a car is an interstate facility, can, like, your

7   proposed answer assumes the question is essentially, "Can we

8   find the defendant guilty on the interstate facility counts

9   that are car counts based on the phone being used with the

10  intent that a murder-for-hire be committed?  If the car was not

11  used with the intent that a murder-for-hire be committed, and

12  if there was no intent that the car be used in that way, then

13  you would be right that no, you need to find that the

14  intent -- that the defendant knowingly used or caused another

15  to use the car both in Count Four and Five.  It's not enough to

16  just find that the phone was used.  But I don't think they're

17  asking that.

18          THE COURT:  Let me just hear from the government.

19          MS. McSHAIN:  Your Honor, we have a different take on

20  this.  We actually -- we think that this is more, "Can they use

21  the same conversation in consideration for Count 1

22  solicitation, and then also use that same conversation for the

23  underlying substantive count -- like the underlying interstate

24  facility count.  That's our take on this, and we think the

25  answer is, "Yes."

1    MR. FRANKEL:  All three of us have read it

2  differently.

3    THE COURT:  Let me think for a moment.  The response

4  will start as follows:  "To clarify, do you mean to ask" -- and

5  now let me think about this.

6    MS. McSHAIN:  Your Honor, we also are wondering, too,

7  like, if you look at the instruction that's on page 29 of the

8  jury instructions, I mean, that language is, "You must consider

9  each charge and the evidence concerning each charge separately.

10  Your decision on one charge, whether it is guilty or not

11  guilty, should not influence your decision on any other

12  charge."  I'm wondering if they're -- I mean, again, our

13  interpretation of this -- I'm wondering if they're thinking if

14  you apply a piece of evidence to one count, you can't apply it

15  to another.

16    THE COURT:  Yeah.  That's what I was thinking with

17  respect to Counts Two, Three, Four, and Five.  I can also

18  understand if you're also thinking that applies to --

19    MR. FRANKEL:  Judge, if you wanted to refer them to

20  the pattern instructions that they have already gotten.

21    THE COURT:  No, but we -- but the problem is

22  we -- okay.  Let's say they are asking the question, "Can

23  evidence of one conversation be used on more than one count?"

24  Then I would intend to answer that directly.  I don't mean to,

25  you know, have them, you know, hunt through the instructions to

1    tell them that if there is evidence on one that you have used

2    in one count, it can be considered in other counts as

3    well.  But I'm not sure that's the question they're asking.

4         MR. FRANKEL:  I'm not sure that's the question.  We

5    may be giving them the wrong answer on the question that

6    they're asking, because they won't assume that we understand

7    exactly what they're asking.

8         THE COURT:  Right.  And that's why, I mean, that's why

9    whatever the next step is, it's not going to be: "The answer to

10   your question is X."  It's going to be to clarify.  And then if

11   they come back and they say, "No, that was not our question,

12   and here is our question."  And they try again, and then we can

13   try again.  So I don't mean to say -- I'm not going to answer a

14   question that they're not asking, but I need to know what

15   they're asking.

16        MR. FRANKEL:  What if we asked them -- if we sent

17   back that jury -- or wrote up that jury instruction, "Does this

18   jury instruction answer your question?"

19        THE COURT:  No, because then we're still guessing at

20   what their question is.

21        MR. PERCONTE:  I think, Judge, if we wanted to ask a

22   clarifying question, it could be something to the effect of,

23   "Is your question whether a conversation may form the basis for

24   more than one count in the Indictment?"  Or, "as evidence of

25   more than one count in the Indictment?"

1          THE COURT:  Yes.

2          MR. PERCONTE:  Because one of the things they're

3    asking is -- they're asking about conversations --

4          THE COURT:  Right.

5          MR. PERCONTE:  -- which I think is different

6    from -- obviously, the two charges that have the same dates in

7    them, of the murder-for-hire counts, one's a conversation and

8    one's a drive, right?  One is a phone call and one is a drive.

9    So I think, obviously, in our interpretation this is related to

10   the solicitation, so I think -- I mean, the commonality of the

11   evidence underlying the solicitation, the conversations, and

12   then the conversations underlying the individual counts.

13         But perhaps the question back to them could be, "Is it

14   your -- is the question whether a conversation may form the

15   basis for multiple counts that are charged in the Indictment?"

16   The same conversation.

17         MS. McSHAIN:  "You may consider the same --"

18         MR. PERCONTE:  Conversation.

19         THE COURT:  All right.  Just give me a moment, please.

20         MR. FRANKEL:  Heather, what instruction number is --

21         MS. McSHAIN:  I don't -- it's on page 29.

22         THE COURT:  Okay.  Here's what I propose, or something

23   like this:

24         "Dear Jury, To clarify your question, do you mean to

25   ask whether any one conversation or" -- I'm not sure how I am

1  going to make the plural part of this, but -- "any one

2  conversation or conversations may be considered as evidence on

3  more than one count?"

4      MR. FRANKEL:  And if they say yes, what will our

5  answer be?  Then, I would say that still it's not clear,

6  because if they're talking about interstate -- using an

7  interstate facility -- you cannot use a conversation that

8  occurred on a different date to find him guilty of that count

9  on the other date.

10     MR. PERCONTE:  Sure you can.

11     THE COURT:  No, that -- yes, that -- I don't think

12 that's accurate.  Because it could go to the intent on a

13 different date.  And it could be both backward and forward, in

14 terms of being relevant evidence.

15     MS. McSHAIN:  Your Honor, could we propose something

16 like -- something along the lines of "You can consider all of

17 the evidence on each count."

18     MR. PERCONTE:  Which is what you essentially told them

19 in the jury instruction --

20     THE COURT:  Well, let's not get to the answer part of

21 it yet, because -- so I don't want to tell them, "In response

22 to this, you can consider all of the evidence on every count,"

23 because I'm not sure that this is what they're asking.  And if

24 that's not what they're asking, then who knows what I'm telling

25 them in relation to what they're asking.

1          So I think the first step is to clarify whether they

2     are asking -- whether any one conversation -- I'm trying to

3     make it plural because I don't want to be seen as asking them

4     -- "Are you asking us about a particular conversation?"

5          THE COURT:  I mean, I could -- this is not maybe 100

6     percent grammatically, you know, square, but if I use their

7     language, you know, the question says, "Can more than one count

8     be associated to the same conversation between two people?"

9          "Do you mean to ask whether the same conversation may

10    be considered as evidence on more than one count?"

11         MS. McSHAIN:  Yes.

12         THE COURT:  Okay.  What do you think, Mr. Frankel?

13         MR. FRANKEL:  I would object to that going back.  I

14    just -- I think it assumes.  It tries to assume what they're

15    asking.  And if they say, "Yes," I would object to an answer

16    that says, "You can use more than one count -- you can use more

17    than one phone call to find him guilty," because I think you

18    have got separate phone calls on the interstate facility, and I

19    don't think -- it's confusing, because yeah, maybe you can use

20    one phone call to establish intent, but that's clearly watering

21    down, I think, what the burden is here.

22         THE COURT:  Okay.  So, yes, we will certainly cross

23    the answer bridge at a later point, and I will certainly

24    consider proposals whereby we make sure that there isn't a

25    watering down, and there's a repeat of the elements, and point

1    them back to the elements as well.  But I believe that we -- we

2    need to clarify what the question is first.

3            So I think by using the words they used here, I think

4    they are asking, when they say, "associated with," I think they

5    are asking the question about whether it can be used as

6    evidence.  And if I am wrong about this, then they will tell

7    me.  And actually, I need to say something like, "If that is

8    not what you meant to ask, please reformulate" -- reformulate

9    is -- "please redraft the questions in a different way."  And

10   then we will see what they write back.

11           MR. PERCONTE:  And, Judge, are we making it clear it's

12   the first question that we don't understand at this point?  I

13   don't think we have even talked about the second question,

14   because it's contingent on the first, obviously.

15           THE COURT:  Right.  Yes.  The second question is

16   contingent on the answer to the first, and we don't even know

17   what the first question is.

18           Are you saying you want me to insert something in here

19   about --

20           MR. PERCONTE:  I just mean at the outset.  So they

21   know they don't have to redraft both questions.

22           "We're struggling to answer your," whatever they're

23   going to --

24           THE COURT:  But they are going to have to redraft

25   number two though, no matter what, right, because I'm not -- I

1    don't -- yes, I'm not sure I understand number two either,

2    so. . .

3            Wait, that's a good point.  If they come back and they

4    say, "Yes, that is what we meant to ask."

5            All right.  So if they answer, "Yes, that is what we

6    meant to ask," we can formulate the answer, which would involve

7    all of your input.  And then at the end of whatever that answer

8    is, I can say, "If this did not answer question two of your

9    original note, then you may" --

10           MR. PERCONTE:  Readdress.

11           MS. McSHAIN:  Another --

12           THE COURT:  Send out another.

13           MS. McSHAIN:  -- draft.

14           THE COURT:  "Please redraft the second question and

15   then submit it to me."  Something like that.  So really it's to

16   clarify on question number one.

17           "Dear Jury, To clarify on question number one, do you

18   mean to ask whether the same conversation may be considered as

19   evidence on more than one count?  If that is not what you meant

20   to ask, please redraft the questions in a different way."

21           MR. FRANKEL:  And, Judge, just for the record.  I

22   would just propose that what goes back is, "You have

23   instructions, you have the Indictment.  Please continue to

24   deliberate."

25           THE COURT:  Okay.  That's noted and rejected for

1    really the simple reason that I don't understand the question

2    right now, and that has to be the first step before we give

3    them the answer.

4         Okay.  So I will send this back.  I am also going to

5    send back a copy of this, so they have this to refer to when

6    they look at my query to them.

7         MR. PERCONTE:  Would you like us just to stay here?

8         THE COURT:  Why don't you -- have you had lunch?

9         MS. McSHAIN:  Yes.

10        MR. PERCONTE:  Yes.

11        THE COURT:  Why don't you, then, just sit and hang

12   tight.  I don't know if we'll get a quick answer or not.  Okay.

13      (Court recessed.)

14        THE COURT:  12 CR 500.  USA vs. Dvorkin.  Appearances

15   for the record, please.

16        MS. McSHAIN:  Heather McShain and Jeff Perconte for

17   the United States.

18        MR. FRANKEL:  Scott Frankel and Mark Wallin for Dan

19   Dvorkin, who's also present.  Okay.  A couple of things.

20   First, I received on my -- the question that I posed to them,

21   they wrote back, "To clarify, the jury no longer requires

22   answers to the previous set of questions.  We decided on a

23   unanimous verdict on -- of all counts."

24        So I am just going to hand this down.  Sandra, can you

25   just let them see it?  Thanks.  Okay.  If you guys -- if you

1    want to take a look at it.

2           All right.  And then I received a second note saying,

3    "We, the jury, have reached a unanimous verdict."

4           Okay.  And then I want to put something on the record.

5    So they also gave the court security officer a document that

6    they said they don't think belongs in the case.  And so I'm

7    going to hand it down in a minute.  It is entitled "Judge's

8    list," and I will tell you it's the notes of one of my law

9    clerks for jury selection in a civil case that I tried a couple

10   of weeks ago.

11          So you can take a quick look at it, and if you want to

12   put something on the record about it, that's fine.  But

13   it's -- so it's just her notes.  So take a look at it.

14          MR. FRANKEL:  So this was in the jury room or

15   something?

16          THE COURT:  Yes.  So what I believe happened was when

17   we substituted the new page 2, which had that typo on it?

18          MR. FRANKEL:  Yes.

19          THE COURT:  The law clerks were working on it at the

20   desk of this particular law clerk and it just got swept in and

21   put back there.  So it's the notes of the jury selection in a

22   civil case, as I said, that I tried a few weeks ago.

23          MR. FRANKEL:  Okay.  Okay.

24          THE COURT:  What I am willing to do, Mr. Frankel, if

25   you want to take a longer look at it, is I can upload it under

1    seal, and then -- actually, I'm not sure you can look at it

2    that way, though.  What I am willing to do is give you a copy

3    of this with a strict protective order that you not circulate

4    it beyond yourself and Mr. Wallin.  And I don't think it has

5    any influence, obviously, on the case, but if you want to take

6    a longer look at it, that's fine.

7              MR. FRANKEL:  I think that would be a prudent thing to

8    to, Judge.

9              THE COURT:  So for the record, I will provide a copy

10   -- we will put under seal a copy of these notes.  And then I

11   will provide a copy -- does the Government want a copy?

12             MS. McSHAIN:  Sure, your Honor.

13             THE COURT:  Okay.  But you are under instructions it's

14   attorneys' eyes only.  If you think you need to expand it

15   beyond that afterwards, you can.  But as I said, it was in a

16   civil case that I tried in early August.

17             Okay.

18             THE COURT SECURITY OFFICER:  Do you want them in here?

19             THE COURT:  Yes.

20       (Jury in.)

21             THE COURT:  Please be seated.

22             Okay.  Mr. Zataar, I understand you're the foreperson

23   of the jury and that the jury has reached a unanimous verdict.

24             FOREPERSON ZATAAR:  Correct.

25             THE COURT:  Please hand the verdict to the court

1  security officer.

2  THE COURT:  Okay.  I will publish the verdict now.

3  The verdict form on Count I, it reads, "With respect

4  to Count One of the Indictment, we, the jury, find defendant

5  Daniel Dvorkin:  Guilty."  And it is actually signed by all 12

6  jurors on this one page, as well as each and every following

7  page.

8  "With respect to Count Two of the Indictment, we, the

9  jury, find defendant Daniel Dvorkin:  Guilty."

10  "With respect to Count Three of the Indictment, we,

11  the jury, find defendant Daniel Dvorkin:  Guilty.

12  "With respect to Count Four of the Indictment, we, the

13  jury, find defendant Daniel Dvorkin:  Guilty."

14  "With respect to Count Five of the Indictment, we, the

15  jury find the defendant Daniel Dvorkin:  Guilty."

16  And then, "With respect to Count Six of the

17  Indictment, we, the jury, find the defendant, Daniel Dvorkin:

18  Guilty."  And this page is also signed as well.

19  Okay.  So let's poll the jury.

20  THE CLERK:  When I call your name, if could you please

21  stand?  Gloria Artiz (phonetic).

22  THE COURT:  Arestis.

23  THE CLERK:  Arestis.  Was this and is this your

24  verdict now?

25  JUROR ARESTIS:  I'm sorry; could you repeat that?

1          THE CLERK:  Was this and is this your verdict now?

2          JUROR ARESTIS:  Yes.

3          THE CLERK:  Thank you.

4          Germain Caprio --

5          THE CLERK:  You may be seated.

6          THE COURT:  You may be seated.

7          THE CLERK:  Was this and is this your verdict now?

8          JUROR CAPRIO:  Yes.

9          THE CLERK:  Kristen Caruso, was this and is this your

10    verdict now?

11         JUROR CARUSO:  Yes.

12         THE CLERK:  Marcy Delarosa, was this and is this your

13    verdict now?

14         JUROR DELAROSA:  Yes.

15         THE CLERK:  Justin Gierke, was this and is this your

16    verdict now?

17         JUROR GIERKE:  Yes.

18         THE CLERK:  John Gross, was this and is this your

19    verdict now?

20         JUROR GROSS:  Yes.

21         THE CLERK:  Thank you.

22         Alvin -- what is that -- Hayashi --

23         JUROR HAYASHI:  Very good.

24         THE CLERK:  Thank you.  Was this and is this your

25    verdict now?

1      JUROR HAYASHI:  Yes.

2      THE CLERK:  Celine Heraty, was this and is this your

3  verdict now?

4      JUROR HERATY:  Yes.

5      THE CLERK:  Charlene Jurgovan, was this and is this

6  your verdict now?

7      JUROR JURGOVAN:  Yes.

8      THE CLERK:  Alicia Roby, was this and is this your

9  verdict now?

10      JUROR ROBY:  Yes.

11      THE CLERK:  Shaun Walsted, was this and is this your

12  verdict now?

13      JUROR WALSTED:  Yes.

14      THE CLERK:  Yousef Zaatar, was this and is this your

15  verdict now?

16      JUROR ZAATAR:  Yes.

17      THE CLERK:  Thank you.

18      THE COURT:  Okay.  Let me have a quick sidebar.

19     (A sidebar was had outside the hearing of the jury.)

20      THE COURT:  Okay.  There's no particular reason for

21  this, but did you want to put anything on the record?

22      MR. FRANKEL:  The motion --

23      THE COURT:  No, you can do that later by written

24  motion.

25      MR. FRANKEL:  No, I don't have anything at this point,

1    your Honor.

2         MS. McSHAIN:  Not from the government.

3         THE COURT:  Ladies and gentlemen, this concludes your

4    jury service.  I thank you very much for all of the attention

5    you paid this week and the time that you devoted, and the care

6    that you took in treating and evaluating this case.

7         I do have some certificates of appreciation that I

8    would love to hand to you personally, if you have the time to

9    stick around in the jury room.  I will be back there in a few

10   minutes.  I have some things to take care of with the lawyers.

11   And to the extent I can answer questions, and we always are

12   looking for constructive comments on how we could run trials

13   better and treat jurors better, I would be happy to hear those

14   comments as well.  But otherwise, you have the thanks of the

15   Court, the parties, and the citizens of the Northern District

16   of Illinois.  Thank you very much.

17        COURT SECURITY OFFICER:  All rise.

18     (Jury out.)

19        THE CLERK:  You may be seated.

20        THE COURT:  Okay.  Let's get a sentencing date.

21        MR. FRANKEL:  Judge, could we -- we also are going to

22   ask for extra time on the motion for new trial.

23        THE COURT:  Right.  We will push it out pretty far.

24   All right.  How much time do you want?

25        MR. FRANKEL:  Could we have 60 days?

```
1            THE COURT:  Is there any objection?
2            MS. McSHAIN:  No, your Honor.
3            THE CLERK:  Okay.  That will be October 29th.
4            THE COURT:  Let's do this:  Let's set a status for
5     early November, the very week after sometime.
6            THE CLERK:  Okay.  We can have a status hearing on
7     October 6th at 9:00 a.m.
8            THE COURT:  November 6th?
9            THE CLERK:  November.
10           THE COURT:  So I won't call for briefing just yet.  We
11    just put this status down, so that they can track the case.
12    And then if I think I will need a written response, I will set
13    it at that time.
14           Okay.  But let's get a sentencing date on the books.
15    Let's go -- let's go -- how is mid-December?
16           MR. FRANKEL:  Any day.
17           THE CLERK:  December 19th, Judge?
18           THE COURT:  A little earlier.
19           THE CLERK:  December 11th at 10:30.
20           MS. McSHAIN:  Your Honor, the government also is
21    moving to detain Mr. Dvorkin at this time.  We believe that
22    under Section 31, 18 U.S.C., Section 3143, this is actually a
23    mandatory detention.  The solicitation and the fact that the
24    underlying offense is murder-for-hire, we think that this is a
25    mandatory detention case.
```

1          We also think that detention is appropriate given some

2     of the information that did not come out during the trial, but

3     we realize your Honor is aware because it was subject of a

4     motion in limine, that after the defendant was charged by

5     complaint, he approached one of the Government's key witnesses,

6     Ellie Farkas.  At other times he said to Ms. Farkas, "You don't

7     want me to go to jail, do you?"  And Ms. Farkas had reported

8     feeling very intimidated by that comment.

9          We would also note that Robert Bevis is a tenant of

10    DDL Limited, and as we understand it, that company is still run

11    by the Dvorkin family, and we think -- and of course, the

12    nature of the offense itself.

13         MR. FRANKEL:  Judge, with regard to Ms. Farkas, she

14    actually approached me in the hallway and said, "Can I talk to

15    the other people who are here?  We're all friends."  So I don't

16    know how intimidated she felt by Mr. Dvorkin's comment, which

17    certainly could be interpreted not as an intimidating comment

18    at all.  They had been together for years, belonged to the same

19    synagogue and spoke every day.  So I don't know how that could

20    be construed as an attempt to intimidate a witness.

21         Mr. Bevis is in a building that was sold by the

22    bankruptcy trustee and apparently it's going to change hands in

23    two weeks.  He won't be a tenant of Mr. Dvorkin's after two

24    weeks.

25         I don't believe this is a mandatory custody case.  The

1   maximum sentence on the solicitation is five years, Judge.  And
2   so, you're not looking as far as -- it's 10 years on use of the
3   interstate facility -- so you're not looking at the most
4   serious felony that the Federal Criminal Code has.

5           Mr. Dvorkin has appeared for court on each and every
6   court date.  He hasn't shown himself to be dangerous or
7   violent.  He's 75 years old.  He has prostate cancer, diabetes,
8   fake hip.  So as far as flight risk and danger to the
9   community, I think you're talking minimal.  He posted a very,
10  very substantial bond.  He obviously doesn't want to lose that.
11  He and his family have been here in court every single day.

12          I don't think that the conditions of his bond need to
13  be changed at all.

14          MS. McSHAIN:  Your Honor --

15          MR. FRANKEL:  But if the Court is concerned, certainly
16  they can be changed.  Restrictions can be placed on his
17  movement and things like that, which can assure the Court
18  that -- I am not sure what the government is concerned with,
19  flight risk or danger to the community.  I think it's neither,
20  but, certainly, conditions could be placed that could minimize
21  any possible risk from this 75-year-old man.

22          MS. McSHAIN:  Your Honor, *U.S. vs. Supersen*, which is
23  an unpublished Northern District of Illinois case from 1997
24  actually found that solicitation of murder is a crime of
25  violence for purposes of mandatory detention under 3143.  And,

1   again, the defendant has just been convicted of soliciting a

2   murder-for-hire.  The nature of the offense itself, we do think

3   Mr. Dvorkin is a danger to the community.

4          THE COURT:  So the analysis has to run as follows:

5          The first question is whether this is a mandatory

6   detention case, which hinges on whether either 373 or 1958 is a

7   crime of violence under Title 18.  And I think that the case

8   that the Government just mentioned was Judge Williams, when she

9   was a District judge, had held that the the 1958 is a crime of

10  violence.

11         Now the crime of violence definition comes from 18

12  U.S.C. 16, which asks whether or not first, does the crime

13  itself have an element of the use of force or attempted use of

14  force or threatened use of force; and then the second possible

15  way of being a crime of violence under that section is whether

16  the crime is one that poses a substantial risk of physical

17  injury to another.  And you have to look at this as a

18  categorical analysis, not on a case-by-case factual analysis.

19         So that's the question.  Is it a crime of violence?

20         Aside from the Northern District case, I believe there

21  is a Court of Appeals case.

22         MS. McSHAIN:  Your Honor, we found a Fourth Circuit

23  case and we have cites, actually, in our Blackberries.

24         MR. PERCONTE:  It is a 1991.  It holds that 1958 is a

25  crime of violence.  And I can find it in a second here.

1    MR. FRANKEL:  We haven't seen those cases, and I don't

2  think either of them provide mandatory authority to take

3  Mr. Dvorkin into custody.

4    THE COURT:  So here's -- so 3143(a) says that "A

5  judicial officer shall order that a person who has been found

6  guilty of an offense of a case described in subparagraph (A),

7  (B) or (C) of (f)(1) of section 3142;" that's pretrial release.

8  And 3142, (f)(1)(a) says, "a crime of violence."  So that is

9  why we do need to analyze whether it's a crime of violence,

10 because then detention is mandatory, unless I find that there

11 is a substantial likelihood that a motion for acquittal or a

12 new trial will be granted, or an attorney for the government

13 has recommended that no sentence of imprisonment be imposed on

14 the person, and I find by clear and convincing evidence that

15 the person is not likely to flee or pose a danger.  So I think

16 it's very safe to say that that second set is not going to be

17 triggered.

18    And then the question is motion for acquittal or new

19 trial -- but before we even get to that, let me finish the

20 analysis of the crime of violence question.  So, do you have

21 the cite of the --

22    MR. PERCONTE:  I do, Judge.  It's *United States vs.*

23 *Luscin*, L-u-s-c-i-n, 926 Fed 2d 372 to page 379.  I think it's

24 right below the star page.  Fourth Circuit, 1991.  And I

25 believe it says that "Section 1952(a) is a crime of violence,"

1   and under the footnote it explains that 1952(a) was

2   re-categorized as 1958, I believe, in 1989 or 1990.  So it's

3   the same offense.

4           THE COURT:  I don't think that -- let's see.  Okay.

5   So you're right that footnote says that.  But then the case

6   also categorizes or describes 1952 capital A as criminalizing

7   the carrying of a firearm in interstate commerce with the

8   intent to commit murder.  So this -- this seems to be focused

9   on -- at the very least -- a travel prong.  But, okay, there is

10  another case that analyzed this, I believe, in the -- it was in

11  the immigration context, but the Court of Appeals was deciding

12  whether this was a crime of violence for purposes of 18 U.S.C.

13  16, because it had an immigration context.  Right.  Okay.  And

14  it's *Ng*, N-g, *vs. Attorney General of the United States*, 436 F

15  3d 392 at pages 396 to 397.  It's from the Third Circuit, 2006,

16  and because it was an immigration consequence as to whether or

17  not a 1958 conviction constituted a crime of violence under 18

18  U.S.C. 16, the Court of Appeals had to analyze the question,

19  and held that if you take the categorical approach -- which I

20  must -- then there is a substantial risk of physical injury to

21  another.  And so even though this was part of a sting

22  operation, as a categorical matter, I do agree with that

23  analysis, so this -- the 1958 convictions -- at the least --

24  are considered crimes of violence, and therefore this is a

25  mandatory detention case.

1          So what do you want to say, Mr. Frankel,

2     about -- well, first I take it you have no cases to the

3     contrary?

4          MR. FRANKEL:  I don't.

5          THE COURT:  So the next question is, on the

6     substantial likelihood that a motion of acquittal or new trial

7     will be granted, what do you want to say on that?

8          MR. FRANKEL:  I would say there is a substantial

9     likelihood, based on the evidence in the case and the facts

10    that came out that the main witness that they -- that the

11    government put forth to the jury was completely incredible.

12    And he had to testify about the unrecorded conversations and

13    transcripts, and without his testimony there is insufficient

14    evidence in the record for a rational jury to find guilt beyond

15    a reasonable doubt.

16         THE COURT:  And you will have a chance to make a

17    fuller argument on that.  But the jury, I believe, can

18    rationally find that the conversations that were played in this

19    case did not need a whole lot of decoding, and so while

20    Mr. Bevis's testimony was important to the case in light of the

21    content of the conversations themselves, and the other

22    circumstances surrounding the solicitation, that I don't think

23    sufficiency evidence is going to be -- there's not a

24    substantial likelihood that that is going to be granted.

25         So this is a mandatory detention case.  You're only

1    out at this point, and what you have said so far, and the

2    presentation that you have made so far, will be exceptional

3    circumstances under 3145(c.)  And so on that argument, you can

4    make a fuller argument, you know, when you are ready to present

5    it.  But what you have said so far in terms of his compliance

6    with, you know, pretrial so far and the significance of the

7    bond, those are not exceptional circumstances.

8              MR. FRANKEL:  What about his age?  I think that's

9    exceptional, Judge.  I even think that the Justice Department

10    has found that age is a factor, an exceptional factor that

11    needs to be taken into account in sentencing, and certainly

12    that would apply in detention as well.

13              And then his physical condition --

14              THE COURT:  So right now the record does not support a

15    finding that either his age or his medical conditions are

16    exceptional, meaning that, for example, the Marshal Service or

17    the Bureau of Prisons can't, in this short term, take care of

18    him as he awaits sentencing.  And with regard to his age, I

19    will point out that does cut, you know, both ways, in that I

20    recognize that he is -- he is 72, right?

21              MR. FRANKEL:  75.

22              THE COURT:  Okay.  75.  And that any imprisonment

23    sentence at this point may very well be an effective life

24    sentence.  And you will have an opportunity to make an argument

25    at sentencing as to why the sentence ought to therefore be

1   lower than it otherwise would be if he were a younger man and

2   in better health.  But that also does give him a very serious

3   incentive to flee.  And so that does cut both ways.

4           So I don't think it's exceptional.  I'm not going to

5   deny that motion with prejudice.  You should take a look at the

6   case law under 3145(c) and try to put the best factual

7   presentation you can, but until that time, he has to go into

8   custody.  And so Mr. Dvorkin, you are remanded to the custody

9   of the United States Marshal Service.

10          All right.  Is there anything else for the record?

11          MS. McSHAIN:  Not from the government.

12          MR. FRANKEL:  Judge, should we set a date now to

13  reconsider or just I can motion it up next week?

14          THE COURT:  You can notice it as an emergency motion

15  anytime.  Just, you know, take a look at the case law, because

16  I will, you know, obviously apply that, and it's a very

17  demanding standard.  But, you know, you should put the facts

18  together as best you can, including medical records, whatever

19  else you can do.  But, you know, I will expect the motion to

20  be, you know, fully presented when you're ready to do it.  And

21  let me say, you can disregard the two-or-three-days notice.

22  You can notice it up as an emergency, and then we will see what

23  the government's availability is, but I will expect them to be

24  very flexible, because I understand that you want to get as

25  quick a decision on that as possible.

1    THE COURT:  Okay.  We are adjourned.

2        (Proceedings concluded.)

3

4                C E R T I F I C A T E

5        I certify that the foregoing is a correct transcript

6    from the record of proceedings in the above-entitled matter.

7

8    /s/Kristin M. Ashenhurst, CSR, RDR, CRR      December 2, 2013
     Kristin M. Ashenhurst, CSR, RDR, CRR         Date
9    COURT REPORTER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**-**

-- and [1] 923/4
-- I [1] 923/12
-- I'm [1] 925/25
-- or [1] 924/17
-- reformulate [1] 928/8
-- they're [1] 925/3

**/**

/s/Kristin [1] 946/8

**1**

10 [1] 939/2
100 [2] 920/19 927/5
1000 [1] 916/22
10:30 [1] 937/19
11th [1] 937/19
12 [5] 916/5 918/3 920/1 930/14 933/5
16 [3] 940/12 942/13 942/18
18 [6] 921/1 937/22 940/7 940/11 942/12 942/17
18th [3] 920/25 921/4 921/8
1952 [3] 941/25 942/1 942/6
1958 [6] 940/6 940/9 940/24 942/2 942/17 942/23
1989 [1] 942/2
1990 [1] 942/2
1991 [2] 940/24 941/24
1997 [1] 939/23
19th [1] 937/17

**2**

2006 [1] 942/15
2013 [2] 916/7 946/8
219 [1] 916/14
2300 [1] 916/25
29 [2] 923/7 925/21
29th [1] 937/3
2d [1] 941/23

**3**

30 [1] 916/7
309-333-2300 [1] 916/25
31 [1] 937/22
312-353-5300 [1] 916/15
312-463-1000 [1] 916/22
312-759-9600 [1] 916/19
3142 [2] 941/7 941/8
3143 [3] 937/22 939/25 941/4
3145 [2] 944/3 945/6
333 [1] 916/21
360 [1] 916/23
372 [1] 941/23
373 [1] 940/6
379 [1] 941/23
392 [1] 942/15
396 [1] 942/15
397 [1] 942/15
3d [1] 942/15

**4**

4207 [1] 916/24
436 [1] 942/14
4:30 [1] 918/13

**5**

5-A [1] 916/10
500 [4] 916/5 918/3 920/1 930/14
53 [1] 916/18
5300 [1] 916/15

**6**

60 [1] 936/25
60601 [1] 916/24
60604 [2] 916/15 916/18
60606 [1] 916/21
6th [2] 937/7 937/8

**7**

72 [1] 944/20
75 [3] 939/7 944/21 944/22
75-year-old [1] 939/21
7th [3] 920/25 921/2 921/9

**8**

8th [1] 921/4

**9**

926 [1] 941/23
932 [1] 917/5
9600 [1] 916/19
9:00 [2] 916/7 937/7

**A**

a.m [2] 916/7 937/7
about [15] 920/23 921/15 921/18 923/5 925/3 926/6 927/4 928/5 928/6 928/13 928/19 931/12 943/2 943/12 944/8
about -- well [1] 943/2
above [1] 946/6
above-entitled [1] 946/6
account [1] 944/11
accurate [1] 926/12
acquittal [3] 941/11 941/18 943/6
actually [8] 922/20 928/7 932/1 933/5 937/22 938/14 939/24 940/23
adjourned [1] 946/1
after [2] 937/5 938/4 938/23
afterwards [1] 932/15
again [5] 920/20 923/12 924/12 924/13 940/1
age [4] 944/8 944/10 944/15 944/18
ago [2] 931/10 931/22
agree [3] 921/14 922/4 942/22
agreed [1] 918/13
Alicia [1] 935/8
all [18] 919/21 920/7 923/1 925/19 926/16 926/22 929/5 929/7 930/23 931/2 933/5 936/4 936/17 936/24 938/15 938/18 939/13 945/10
along [2] 918/15 926/16
already [1] 923/20
ALS [1] 918/24
also [15] 920/6 922/22 923/6 923/17 923/18 930/4 930/19 931/5 933/18 936/21 937/20 938/1 938/9 942/6 945/2
Alvin [1] 934/22
always [1] 936/11
am [9] 919/8 920/18 925/25 928/6 930/4 930/24 931/24 932/2 939/18
AMERICA [1] 916/3
analysis [5] 940/4 940/18 940/18 941/20 942/23
analyze [2] 941/9 942/18
analyzed [1] 942/10
another [7] 922/14 923/15 929/11 929/12 940/17 942/10 942/21
answer [22] 920/21 921/21 922/7 922/25 923/24 924/5 924/9 924/13 924/18 926/5 926/20 927/15 927/23 928/16 928/22 929/5 929/6 929/7 929/8

930/3 930/12 936/11
answers [1] 930/22
any [10] 918/21 923/11 925/25 926/1 927/2 932/5 937/1 937/16 939/21 944/22
anything [4] 920/21 935/21 935/25 945/10
anytime [1] 945/15
apparently [1] 938/22
Appeals [3] 940/7 942/11 942/18
appearances [3] 916/12 920/2 930/14
appeared [1] 939/5
applies [1] 923/18
apply [4] 923/14 923/14 944/12 945/16
appreciation [1] 936/7
approach [1] 942/19
approached [2] 938/5 938/14
appropriate [1] 938/1
April [4] 920/25 921/1 921/4 921/8
are [29] 918/10 920/24 920/25 921/1 921/2 921/6 921/15 921/19 922/9 923/6 923/22 925/15 927/2 927/4 928/4 928/5 928/11 928/18 928/24 932/13 936/11 936/21 938/15 942/24 944/4 944/7 944/15 945/8 946/1
Arestis [4] 933/22 933/23 933/25 934/2
argument [4] 943/17 944/3 944/4 944/24
around [1] 936/9
arrangements [1] 919/4
Artiz [1] 933/21
as [38]
Ashenhurst [3] 916/23 946/8 946/8
Aside [1] 940/20
ask [14] 918/15 919/13 919/16 922/2 923/4 924/21 925/25 927/9 928/8 929/4 929/6 929/18 929/20 936/22
asked [3] 918/17 920/17 924/16
asking [24] 920/24 921/3 921/7 921/21 922/5 922/5 922/17 923/22 924/3 924/6 924/7 924/14 924/15 925/3 925/3 926/23 926/24 926/25 927/2 927/3 927/4 927/15 928/4 928/5
asking -- what [1] 922/5
asking is [1] 925/3
asks [1] 940/12
associated [8] 920/12 920/15 921/1 921/2 921/10 922/4 927/8 928/4
assume [2] 924/6 927/14
assumes [2] 922/7 927/14
assure [1] 939/17
at [34]
attempt [1] 938/20
attempted [1] 940/13
attention [1] 936/4
attorney [2] 941/12 942/14
ATTORNEY'S [1] 916/13
attorneys' [1] 932/14
August [2] 916/7 932/16
authority [1] 941/2
availability [1] 945/23
awaits [1] 944/18
aware [1] 938/3

**B**

back [15] 918/23 919/15 924/11 924/17 925/13 927/13 928/1 928/10 929/3 929/22 930/4 930/5 930/21 931/21 936/9
back that [1] 924/17
backward [1] 926/13
bankruptcy [1] 938/22

**B**

based [3] 921/25 922/9 943/9
basis [2] 924/23 925/15
be [60]
be -- there's [1] 943/23
because [23] 919/11 920/18 921/17 921/22 922/3 924/6 924/19 925/2 926/6 926/12 926/21 926/23 927/3 927/17 927/19 928/14 928/25 938/25 941/10 942/13 942/16 945/15 945/24
been [4] 938/18 939/11 940/1 941/5
before [3] 916/11 930/2 941/19
behalf [1] 918/8
being [4] 920/17 922/9 926/14 940/15
believe [11] 920/13 921/21 931/16 937/21 938/25 940/20 941/25 942/2 942/10 943/17
belonged [1] 938/18
belongs [1] 931/6
below [1] 941/24
best [2] 945/6 945/18
better [4] 919/5 936/13 936/13 945/2
between [2] 920/12 927/8
Bevis [2] 938/9 938/21
Bevis's [1] 943/20
beyond [3] 932/4 932/15 943/14
Blackberries [1] 940/23
bond [3] 939/10 939/12 944/7
books [1] 937/14
both [6] 920/22 922/15 926/13 928/21 944/19 945/3
Boulevard [1] 916/18
bridge [1] 927/23
briefing [1] 937/10
bring [2] 919/9 919/14
building [1] 938/21
burden [1] 927/21
Bureau [1] 944/17
but [39]

**C**

call [6] 918/23 925/8 927/17 927/20 933/20 937/10
calls [1] 927/18
came [1] 943/10
can [53]
can't [2] 923/14 944/17
cancer [1] 939/7
cannot [1] 926/7
capital [1] 942/6
Caprio [2] 934/4 934/8
car [5] 922/6 922/9 922/10 922/12 922/15
care [3] 936/5 936/10 944/17
carrying [1] 942/7
Caruso [2] 934/9 934/11
case [7] 931/6 931/9 931/22 932/5 932/16 936/6 937/11 937/25 938/25 939/23 940/6 940/7 940/18 940/18 940/20 940/21 940/23 941/6 942/5 942/10 942/25 943/9 943/19 943/20 943/25 945/6 945/15
case-by-case [1] 940/18
cases [2] 941/1 943/2
categorical [3] 940/18 942/19 942/22
categorized [1] 942/2
categorizes [1] 942/6
caused [1] 922/14
Celine [1] 935/2
certainly [7] 920/19 927/22 927/23

938/17 939/15 939/20 944/11
certificates [1] 936/7
certify [1] 946/5
chance [1] 943/16
CHANG [1] 916/11
change [1] 938/22
changed [2] 939/13 939/16
charge [5] 921/6 923/9 923/9 923/10 923/12
charged [1] 925/15 938/4
charges [2] 921/19 925/6
Charlene [1] 935/5
check [2] 918/10 918/20
Chicago [5] 916/6 916/15 916/18 916/21 916/24
CHICO [1] 916/20
Circuit [3] 940/22 941/24 942/15
circulate [1] 932/3
circumstances [3] 943/22 944/3 944/7
cite [1] 941/21
cites [1] 940/23
citizens [1] 936/15
civil [3] 931/9 931/22 932/16
clarify [9] 920/22 923/4 924/10 925/24 927/1 928/2 929/16 929/17 930/21
clarifying [1] 924/22
clear [4] 920/19 926/5 928/11 941/14
clearly [1] 927/20
clerk [20] 931/20 933/20 933/23 934/5 934/7 934/9 934/21 934/24 935/2 935/5 935/8 935/11 935/14 935/17 936/19 937/3 937/6 937/9 937/17 937/19
clerks [2] 931/9 931/19
Code [1] 939/4
COHEN [1] 916/17
come [5] 919/15 919/16 924/11 929/3 938/2
comes [1] 940/11
comment [3] 938/8 938/16 938/17
comments [2] 936/12 936/14
commerce [1] 942/7
commit [1] 942/8
committed [2] 922/10 922/11
commonality [1] 925/10
community [3] 939/9 939/19 940/3
company [1] 938/10
complaint [1] 938/5
completely [1] 943/11
compliance [1] 944/5
computer [1] 919/3
concerned [2] 939/15 939/18
concerning [1] 923/9
concluded [1] 946/2
concludes [1] 936/3
condition [1] 944/13
conditions [3] 939/12 939/20 944/15
confusing [1] 927/19
consequence [1] 942/16
consider [5] 923/8 925/17 926/16 926/22 927/24
consideration [1] 922/21
considered [6] 921/5 924/2 926/2 927/10 929/18 942/24
constituted [1] 942/17
constructive [1] 936/12
construed [1] 938/20
content [1] 943/21
context [2] 942/11 942/13
contingent [2] 928/14 928/16
continue [2] 921/25 929/23
contrary [1] 943/3

conversation [21] 920/12 921/4 921/8 921/9 921/10 922/21 922/22 923/23 924/23 925/7 925/14 925/16 925/18 925/25 926/2 926/7 927/2 927/4 927/8 927/9 929/18
conversation -- I'm [1] 927/2
conversations [5] 921/20 925/3 925/11 925/12 926/2 943/12 943/18 943/21
convicted [1] 940/1
conviction [1] 942/17
convictions [1] 942/23
convincing [1] 941/14
copy [7] 920/8 930/5 932/2 932/9 932/10 932/11 932/11
copy -- does [1] 932/11
correct [2] 932/24 946/5
could [17] 918/14 919/3 924/22 925/13 926/12 926/13 926/15 927/5 933/20 933/25 936/12 936/21 936/25 938/17 938/19 939/20 939/20
could -- this [1] 927/5
count [29] 920/11 920/15 921/22 921/23 921/25 922/15 922/21 922/23 922/24 923/14 923/23 924/2 924/24 924/25 926/3 926/8 926/17 926/22 927/7 927/10 927/16 929/19 933/3 933/4 933/8 933/10 933/12 933/14 933/16
count -- like [1] 922/23
count -- you [1] 927/16
counts [17] 921/1 921/1 921/2 921/5 921/6 921/11 921/17 921/19 922/6 922/8 922/9 923/17 924/2 925/7 925/12 925/15 930/23
couple [2] 930/19 931/9
course [3] 920/18 920/20 938/11
court [32]
courtroom [1] 918/15
CR [4] 916/5 918/3 920/1 930/14
crime [16] 921/6 939/24 940/7 940/9 940/11 940/12 940/15 940/16 940/19 940/25 941/8 941/9 941/20 941/25 942/12 942/17
crimes [1] 942/24
Criminal [1] 939/4
criminalizing [1] 942/6
cross [1] 927/22
CRR [2] 946/8 946/8
CSR [2] 946/8 946/8
custody [4] 938/25 941/3 945/8 945/8
cut [2] 944/19 945/3

**D**

Dan [1] 930/18
danger [4] 939/8 939/19 940/3 941/15
dangerous [1] 939/6
DANIEL [7] 916/6 933/5 933/9 933/11 933/13 933/15 933/17
date [10] 920/15 921/7 926/8 926/9 926/13 936/20 937/14 939/6 945/12 946/8
dates [2] 920/25 925/6
day [4] 918/13 937/16 938/19 939/11
days [2] 936/25 945/21
DDL [1] 938/10
Dear [2] 925/24 929/17
Dearborn [1] 916/14
December [4] 937/15 937/17 937/19 946/8
decided [1] 930/22
deciding [1] 942/11
decision [3] 923/10 923/11 945/25

**D**

decoding [1] 943/19
defendant [14] 916/7 916/17 918/9
920/6 922/8 922/14 933/4 933/9 933/11
933/13 933/15 933/17 938/4 940/1
definition [1] 940/11
Delarosa [2] 934/12 934/14
deliberate [1] 929/24
deliberating [1] 921/25
demanding [1] 945/17
deny [1] 945/5
Department [1] 944/9
deputy [1] 918/15
described [1] 941/6
describes [1] 942/6
desk [1] 931/20
detain [1] 937/21
detention [9] 937/23 937/25 938/1
939/25 940/6 941/10 942/25 943/25
944/12
devoted [1] 936/5
diabetes [1] 939/7
did [4] 929/8 935/21 938/2 943/19
different [6] 922/19 925/5 926/8 926/13
928/9 929/20
differently [1] 923/2
directly [1] 923/24
disregard [1] 945/21
DISTRICT [6] 916/1 916/1 936/15
939/23 940/9 940/20
DIVISION [1] 916/2
do [24] 919/12 921/13 923/4 925/24
927/9 927/12 929/17 931/24 932/2
932/18 935/23 936/7 936/24 937/4
938/7 940/2 941/9 941/20 941/22
942/22 943/1 943/7 945/19 945/20
docket [1] 918/15
document [1] 931/5
does [8] 920/14 924/17 932/11 940/12
944/14 944/19 945/2 945/3
doesn't [1] 939/10
doing [1] 920/20
doing -- of [1] 920/20
don't [34]
don't -- yes [1] 929/1
doubt [1] 943/15
down [5] 927/21 927/25 930/24 931/7
937/11
downstairs [1] 918/23
draft [1] 929/13
drive [3] 916/21 925/8 925/8
driving [1] 921/20
during [1] 938/2
DVORKIN [17] 916/6 918/3 920/2
930/14 930/19 933/5 933/9 933/11
933/13 933/15 933/17 937/21 938/11
939/5 940/3 941/3 945/8
Dvorkin's [2] 938/16 938/23

**E**

each [8] 921/22 921/23 921/24 923/9
923/9 926/17 933/6 939/5
earlier [1] 937/18
early [2] 932/16 937/5
EASTERN [1] 916/2
EDMOND [1] 916/11
effect [1] 924/22
effective [1] 944/23
either [6] 921/4 921/23 929/1 940/6
941/2 944/15

element [1] 940/13
elements [2] 927/25 928/1
Ellie [1] 938/6
else [2] 945/10 945/19
emergency [2] 945/14 945/22
end [2] 918/13 929/7
enough [1] 922/15
entitled [2] 931/7 946/6
essentially [2] 922/7 926/18
establish [1] 927/20
evaluate [1] 921/24
evaluating [1] 936/6
even [6] 921/5 928/13 928/16 941/19
942/21 944/9
every [5] 926/22 933/6 938/19 939/5
939/11
evidence [20] 921/5 921/11 921/23
923/9 923/14 923/23 924/1 924/24
925/11 926/2 926/14 926/17 926/22
927/10 928/6 929/19 941/14 943/9
943/14 943/23
exactly [1] 924/7
example [1] 944/16
exceptional [6] 944/2 944/7 944/9
944/10 944/16 945/4
expand [1] 932/14
expect [5] 945/19 945/23
explains [1] 942/1
explanation [1] 936/11
extent [1] 936/11
extra [1] 936/22
eyes [1] 932/14

**F**

facility [7] 921/18 922/6 922/8 922/24
926/7 927/18 939/3
fact [1] 924/13
factor [2] 944/10 944/10
facts [2] 943/9 945/17
factual [2] 940/18 945/6
fake [1] 939/8
family [2] 938/11 939/11
far [7] 936/23 939/2 939/8 944/1 944/2
944/5 944/6
Farkas [4] 938/6 938/6 938/7 938/13
Fed [1] 941/23
Federal [1] 939/4
feeling [1] 938/8
felony [1] 939/4
felt [1] 938/16
few [2] 931/22 936/9
find [16] 922/8 922/13 922/16 926/8
927/17 933/4 933/9 933/11 933/13
933/15 933/17 940/25 941/10 941/14
943/14 943/18
finding [1] 944/15
fine [4] 919/1 919/22 931/12 932/6
finish [1] 941/19
firearm [1] 939/4
first [13] 918/12 921/3 927/1 928/2
928/12 928/14 928/16 928/17 930/2
930/20 940/5 942/10 942/2
five [5] 921/2 922/15 923/17 933/14
939/1
flee [2] 941/15 945/3
flexible [1] 945/24
flight [2] 939/8 939/19
focused [1] 942/8
following [2] 918/1 933/6
follows [3] 920/9 923/4 940/4
footnote [2] 942/1 942/5
force [3] 940/13 940/14 940/14

foregoing [1] 946/5
foreperson [4] 918/12 920/16 932/22
932/24
form [3] 924/23 925/14 933/3
formulate [1] 929/6
forth [1] 943/11
forward [1] 926/13
found [4] 939/24 940/22 941/5 944/10
Four [4] 921/1 922/15 923/17 933/12
Fourth [2] 940/22 941/24
FRANKEL [11] 916/7 916/17 918/8
919/3 920/5 921/13 927/12 930/18
931/24 935/22 943/1
friends [1] 938/15
from -- obviously [1] 925/6
fuller [2] 943/17 944/4
fully [1] 945/20

**G**

gathering [1] 918/17
gave [1] 931/5
General [1] 942/14
gentlemen [1] 936/3
Germain [1] 934/4
get [8] 918/18 918/24 926/20 930/12
936/20 937/14 941/19 945/24
Gierke [2] 934/15 934/17
give [5] 918/25 925/19 930/2 932/2
945/2
given [1] 938/1
giving [1] 924/5
Gloria [1] 933/21
gmail.com [1] 916/25
go [6] 918/23 926/12 937/15 937/15
938/7 945/7
go -- how [1] 937/15
go -- let's [1] 937/15
goes [2] 919/17 929/22
going [19] 918/10 918/13 919/13 924/9
924/10 924/13 926/1 927/13 928/23
928/24 930/4 930/24 931/7 936/21
938/22 941/16 943/23 943/24 945/4
good [4] 918/6 918/10 929/3 934/23
got [2] 927/18 931/20
gotten [1] 933/20
government [9] 922/18 932/11 936/2
937/20 939/18 940/8 941/12 943/11
945/11
government's [2] 938/5 945/23
grammatically [1] 927/6
granted [3] 941/12 943/7 943/24
great [1] 919/15
Gross [2] 934/18 934/20
guessing [2] 921/12 924/19
guilt [1] 943/14
guilty [12] 922/8 923/10 923/11 926/8
927/17 933/5 933/9 933/11 933/13
933/15 933/18 941/6
guy [1] 919/3
guys [1] 930/25
guys -- if [1] 930/25

**H**

had [12] 918/1 918/12 919/5 930/8
931/17 935/19 938/7 938/18 940/9
942/13 942/18 943/12
hallway [1] 938/14
hand [4] 930/24 931/7 932/25 936/8
hands [1] 938/22
hang [1] 930/11
happened [1] 931/16

**H**

happy [1] 936/13
hard [1] 921/14
has [13] 920/13 930/2 932/4 932/23
939/4 939/5 939/7 940/1 940/4 941/5
941/13 944/10 945/7
hasn't [1] 939/6
have [40]
haven't [1] 941/1
Hayashi [3] 934/22 934/23 935/1
he [15] 919/15 938/5 938/6 938/23
939/6 939/7 939/9 939/10 939/11
943/12 944/18 944/20 944/20 945/1
945/7
He's [1] 939/7
health [1] 945/2
hear [2] 922/18 936/13
hearing [2] 935/19 937/6
HEATHER [5] 916/13 918/6 920/3
925/20 930/16
held [2] 940/9 942/19
Hello [1] 920/3
her [1] 931/13
Heraty [2] 935/2 935/4
here [13] 918/11 919/17 921/6 921/15
924/12 927/21 928/3 928/18 930/7
932/18 938/15 939/11 940/25
here's [2] 926/16 941/4
here's -- so [1] 941/4
him [4] 926/8 927/17 944/18 945/2
himself [1] 939/6
hinges [1] 940/6
hip [1] 939/8
hire [5] 922/10 922/11 925/7 937/24
940/2
his [10] 939/11 939/12 939/16 943/13
944/5 944/8 944/13 944/15 944/15
944/18
holds [1] 940/24
Honor [14] 918/6 919/24 920/3 922/19
923/6 926/15 932/12 936/1 937/2
937/20 938/3 939/14 939/22 940/22
HONORABLE [1] 916/11
hook [1] 919/6
how [8] 919/1 921/24 925/25 936/12
936/24 937/15 938/16 938/19
hung [1] 921/16
hunt [1] 923/25

**I**

I'll [3] 918/15 918/23 920/20
I'm [22] 918/25 919/10 919/13 920/9
920/9 921/12 922/4 923/12 923/13
924/3 924/4 924/13 925/25 926/23
926/24 927/2 928/25 929/1 931/6 932/1
933/25 945/4
if [47]
if -- it [1] 920/13
IL [1] 916/21
ILLINOIS [7] 916/1 916/6 916/15 916/18
916/24 936/16 939/23
immigration [3] 942/11 942/13 942/16
important [1] 943/20
imposed [1] 941/13
impossible [1] 921/15
imprisonment [2] 941/13 944/22
in [57]
incentive [1] 945/3
including [1] 945/18
incredible [1] 943/11

Indictment [10] 924/24 924/25 925/15
929/23 933/4 933/8 933/10 933/12
933/14 933/17
individual [1] 925/12
influence [2] 923/11 932/5
information [1] 938/2
informing [1] 918/12
initial [1] 921/16
injury [2] 940/17 942/20
input [1] 929/7
insert [1] 928/18
instruction [5] 923/7 924/17 924/18
925/20 926/19
instructions [7] 921/24 921/25 923/8
923/20 923/25 929/23 932/13
insufficient [1] 943/13
intend [1] 923/24
intent [7] 922/10 922/11 922/12 922/14
926/12 927/20 942/8
intent -- that [1] 922/14
interpretation [3] 922/3 923/13 925/9
interpretation -- but [1] 922/3
interpreted [1] 938/17
interstate [9] 921/18 922/6 922/8 922/23
926/6 926/7 927/18 939/3 942/7
intimate [1] 938/20
intimidated [2] 938/8 938/16
intimidating [1] 938/17
into [6] 918/20 919/2 919/17 941/3
944/11 945/7
involve [2] 921/19 929/6
is [118]
is -- he [1] 944/20
isn't [2] 922/3 927/24
it [72]
it's [30] 920/14 920/16 921/14 921/14
922/15 924/9 924/10 925/21 926/5
927/19 928/11 928/14 929/15 931/8
931/13 931/13 931/21 932/13 938/22
939/2 939/19 941/9 941/16 941/22
941/23 942/2 942/14 942/15 945/4
945/16
it's -- so [1] 931/13
it's to [1] 929/15
itself [3] 938/12 940/2 940/13

**J**

Jackson [1] 916/18
jail [1] 938/7
Jeff [2] 920/4 930/16
JEFFREY [1] 916/14
John [1] 934/18
judge [15] 921/14 923/19 924/21 928/11
929/21 932/8 936/21 937/17 938/13
939/1 940/8 940/9 941/22 944/9 945/12
Judge's [1] 931/7
judicial [1] 941/5
Jurgovan [2] 935/5 935/7
juror [15] 920/16 933/25 934/2 934/8
934/11 934/14 934/17 934/20 934/23
935/1 935/4 935/7 935/10 935/13
935/16
jurors [3] 918/16 933/6 936/13
jury [34]
just [29] 918/10 918/14 918/25 919/1
919/9 919/11 919/11 920/2 920/13
921/20 922/18 925/19 927/14
928/20 929/21 929/22 930/7 930/11
930/24 930/25 931/13 931/20 937/10
937/11 940/1 940/8 945/13 945/15
just -- I [1] 927/14

**K**

Justice [1] 944/9
Justin [1] 934/15

kashenhurst [1] 916/25
keep [1] 919/17
key [1] 938/5
know [23] 919/1 919/7 919/11 920/22
921/10 923/25 923/25 924/14 927/6
927/7 928/16 928/21 930/12 938/16
938/19 944/4 944/6 944/19 945/15
945/16 945/17 945/19 945/20
knowingly [1] 922/14
knows [1] 926/24
Kristen [1] 934/9
Kristin [3] 916/23 946/8 946/8

**L**

L-u-s-c-i-n [1] 941/23
Ladies [1] 936/3
language [2] 923/8 927/7
laptop [4] 918/18 919/12 919/14 919/17
laptop they [1] 919/12
later [2] 927/23 935/23
law [5] 931/8 931/19 931/20 945/6
945/15
lawyers [1] 936/10
least [2] 942/9 942/23
let [20] 920/17 922/2 922/18 923/3 923/5
930/25 935/18 941/19 945/21
let's [10] 923/22 926/20 933/19 936/20
937/4 937/4 937/15 937/15
942/4
letter [1] 920/14
life [1] 944/23
light [1] 943/20
like [10] 920/14 922/6 922/23 923/7
925/23 926/16 928/7 929/15 930/7
939/17
likelihood [4] 941/11 943/6 943/9 943/24
likely [1] 941/15
limine [1] 938/4
Limited [1] 938/10
line [1] 921/22
lines [1] 926/16
list [1] 931/8
listen [1] 920/20
little [1] 937/18
longer [3] 930/21 931/25 932/6
look [12] 921/22 923/7 930/6 931/1
931/11 931/13 931/25 932/1 932/6
940/17 945/5 945/15
looking [3] 936/12 939/2 939/3
lose [1] 939/10
lot [1] 943/19
love [1] 936/8
lower [1] 945/1
lunch [1] 930/8
Luscin [1] 941/23

**M**

made [1] 944/2
main [1] 943/10
make [7] 919/3 926/1 927/3 927/24
943/16 944/4 944/24
making [1] 928/11
man [2] 939/21 945/1
mandatory [9] 937/23 937/25 938/25
939/25 940/5 941/2 941/10 942/25
943/25
Marcy [1] 934/12

**M**

MARK [4] 916/20 918/8 920/5 930/18
Marshal [2] 944/16 945/9
matter [3] 928/25 942/22 946/6
maximum [1] 939/1
may [18] 920/25 921/2 921/4 921/7
921/8 921/9 924/5 924/23 925/14
925/17 926/2 927/9 929/9 929/18 934/5
934/6 936/19 944/23
maybe [2] 927/5 927/19
McSHAIN [5] 916/13 918/7 919/10
920/3 930/16
me [14] 920/17 922/2 922/18 923/3
923/5 925/19 928/7 928/18 929/15
935/18 938/7 938/14 941/19 945/21
mean [12] 923/4 923/8 923/12 923/24
924/8 924/13 925/10 925/24 927/5
927/9 928/20 929/18
meaning [1] 944/16
meant [4] 928/8 929/4 929/6 929/19
medical [2] 944/15 945/18
mentioned [1] 940/8
mid [1] 937/15
mid-December [1] 937/15
minimal [1] 939/9
minimize [1] 939/20
minute [1] 931/7
minutes [1] 936/10
moment [2] 923/3 925/19
more [12] 920/11 920/15 922/20 923/23
924/24 924/25 926/3 927/7 927/10
927/16 927/16 929/19
morning [2] 918/6 918/10
most [1] 939/3
motion [11] 935/22 935/24 936/22 938/4
941/11 941/18 943/6 945/5 945/13
945/14 945/19
movement [1] 937/21
moving [1] 937/21
MR [7] 916/14 916/17 916/20 919/3
925/18 935/22 941/22
Mr. [15] 921/13 927/12 931/24 932/4
932/22 937/21 938/16 938/21 938/23
939/5 940/3 941/3 943/1 943/20 945/8
Mr. Bevis [1] 938/21
Mr. Bevis's [1] 943/20
Mr. Dvorkin [5] 937/21 939/5 940/3
941/3 945/8
Mr. Dvorkin's [2] 938/16 938/23
Mr. Frankel [4] 921/13 927/12 931/24
943/1
Mr. Wallin [1] 932/4
Mr. Zataar [1] 932/22
MS [6] 916/13 916/23 919/10 938/6
938/7 938/13
much [3] 936/4 936/16 936/24
multiple [1] 925/15
multitasking [1] 920/9
murder [7] 922/10 922/11 925/7 937/24
939/24 940/2 942/8
murder-for-hire [5] 922/10 922/11 925/7
937/24 940/2
must [2] 923/8 942/20
my [6] 920/9 921/11 921/16 930/6
930/20 931/8
my -- that's [1] 921/11
my -- the [1] 930/20

**N**

N-g [1] 942/14

**name** [2] 918/5 933/20
nature [2] 938/12 940/2
need [11] 920/18 920/21 922/13 924/14
928/2 928/7 932/14 937/12 939/12
941/9 943/19
needs [1] 944/11
neither [1] 939/19
new [5] 931/17 936/22 941/12 941/18
943/6
next [3] 924/9 943/5 945/13
Ng [1] 942/14
no [20] 916/5 918/22 919/17 920/14
921/22 921/24 922/12 922/13 923/21
924/11 924/19 925/8 925/25 930/21
935/20 935/23 935/25 937/2 941/13
943/2
NORTHERN [4] 916/1 936/15 939/23
940/20
not [44]
not -- I [1] 928/25
note [5] 918/12 920/7 929/9 931/2 938/9
noted [1] 929/25
notes [6] 918/16 920/10 931/8 931/13
931/21 932/10
notice [3] 945/14 945/21 945/22
November [3] 937/5 937/8 937/9
now [19] 923/5 930/2 933/2 933/24
934/1 934/7 934/10 934/13 934/16
934/19 934/25 935/3 935/6 935/9
935/12 935/15 940/11 944/14 945/12
number [6] 920/14 925/20 928/25 929/1
929/16 929/17
NUNES [1] 916/20

**O**

object [2] 927/13 927/15
objection [2] 918/21 937/1
obviously [6] 925/6 925/9 928/14 932/5
939/10 945/16
occurred [1] 926/8
October [2] 937/3 937/7
offense [5] 937/24 938/12 940/2 941/6
942/3
OFFICE [1] 916/13
officer [9] 918/17 919/9 919/11 919/14
931/5 932/18 933/1 936/17 941/5
okay [36]
old [2] 939/7 939/21
on [68]
on -- at [1] 942/9
one [37]
one's [2] 925/7 925/8
only [2] 932/14 943/25
open [1] 918/1
operation [1] 942/22
opportunity [1] 944/24
or [32]
order [3] 918/4 932/3 941/5
original [1] 929/9
other [7] 920/16 923/11 924/2 926/9
938/6 938/15 943/21
otherwise [2] 936/14 945/1
ought [1] 942/20
our [9] 918/12 918/24 922/24 923/12
924/11 924/12 925/9 926/4 940/23
out [9] 919/9 919/14 929/12 936/18
936/23 938/2 940/10 944/1 944/19
outset [1] 928/20
outside [2] 918/1 935/19

**P**

page [9] 917/3 923/7 925/21 931/17
933/6 933/7 933/18 941/23 941/24
pages [1] 942/15
paid [1] 936/5
pairs [1] 921/6
part [3] 926/1 926/20 942/21
particular [3] 927/4 931/20 935/20
parties [2] 918/13 936/15
pattern [1] 923/20
people [5] 918/24 919/6 920/12 927/8
938/15
percent [2] 920/19 927/6
PERCONTE [5] 916/14 920/4 925/18
930/16 941/22
perhaps [1] 925/13
person [3] 941/5 941/14 941/15
personally [1] 936/8
phone [8] 921/17 921/19 922/9 922/16
925/8 927/17 927/18 927/20
phonetic [1] 933/21
physical [3] 940/16 942/20 944/13
piece [1] 923/14
placed [3] 939/16 939/20
Plaintiff [2] 916/4 916/13
played [1] 943/18
please [13] 918/5 919/16 920/2 925/19
928/8 928/9 929/14 929/20 929/23
930/15 932/21 932/25 933/20
plug [1] 919/1
plural [2] 926/1 927/3
point [8] 927/23 927/25 928/12 929/3
935/25 944/1 944/19 944/23
poll [1] 933/19
pose [1] 941/15
posed [1] 930/20
poses [1] 940/16
possible [3] 939/21 940/14 945/25
possibly [1] 921/17
posted [1] 939/9
prejudice [1] 945/5
presence [1] 918/2
present [3] 920/6 930/19 944/4
presentation [2] 944/2 945/7
presented [2] 921/23 945/20
pretrial [2] 941/7 944/6
pretty [1] 936/23
previous [1] 930/22
Prisons [1] 944/17
problem [1] 923/21
proceedings [4] 916/10 918/1 946/2
946/6
prong [1] 942/9
proposals [1] 927/24
propose [4] 920/19 925/22 926/15
929/22
proposed [1] 922/7
prostate [1] 939/7
protective [1] 932/3
provide [3] 932/9 932/11 941/2
provided [1] 920/8
prudent [1] 932/7
publish [1] 933/2
pulling [1] 920/9
purposes [2] 939/25 942/12
push [1] 936/23
put [12] 918/11 918/14 918/15 931/4
931/12 931/21 932/10 935/21 937/11
943/11 945/6 945/17

## Q

question [39]
questions [5]  928/9 928/21 929/20
930/22 936/11
quick [4]  930/12 931/11 935/18 945/25
quite [1]  920/21

## R

rational [1]  943/14
rationally [1]  943/18
RDR [2]  946/8 946/8
re [1]  942/2
re-categorized [1]  942/2
reached [2]  931/3 932/23
reaction [1]  921/16
reactions [2]  920/18 920/20
read [1]  923/1
Readdress [1]  929/10
reads [1]  933/3
ready [2]  944/4 945/20
realize [1]  938/3
really [3]  921/10 929/15 930/1
reason [2]  930/1 935/20
reasonable [1]  943/15
received [4]  918/16 920/7 930/20 931/2
recessed [2]  919/25 930/13
recognize [1]  944/20
recommended [1]  941/13
reconsider [1]  945/13
record [15]  918/5 918/11 918/14 920/2
920/8 929/21 930/15 931/4 931/12
932/9 935/21 943/14 944/14 945/10
946/6
records [1]  945/18
redraft [5]  928/9 928/21 928/24 929/14
929/20
refer [2]  923/19 930/5
reformulate [2]  928/8 928/8
regard [2]  938/13 944/18
rejected [1]  929/25
related [1]  925/9
relation [1]  926/25
release [1]  941/7
relevant [1]  926/14
remanded [1]  945/8
repeat [2]  927/25 933/25
reported [1]  938/7
REPORTER [2]  916/23 946/9
requires [1]  930/21
respect [7]  923/17 933/3 933/8 933/10
933/12 933/13 933/14 933/16
response [3]  923/3 926/21 937/12
Restrictions [1]  939/16
right [21]  918/21 919/21 920/7 922/13
924/8 925/4 925/8 925/19 928/15
928/25 929/5 930/2 931/2 936/23
936/24 941/24 942/5 942/13 944/14
944/20 945/10
rise [1]  936/17
risk [5]  939/8 939/19 939/21 940/16
942/20
Robert [1]  938/9
Roby [2]  935/8 935/10
room [3]  919/18 931/14 936/9
run [3]  936/12 938/10 940/4

## S

safe [1]  941/16
said [7]  931/6 931/22 932/15 938/6
938/14 944/1 944/5

same [14]  920/12 920/15 921/6 921/10
922/21 922/22 925/6 925/16 925/17
927/8 927/9 929/18 938/18 942/3
Sandra [1]  930/24
say [15]  923/22 924/11 924/13 926/4
926/5 927/15 928/4 928/7 929/4 929/8
941/16 943/1 943/7 943/8 945/21
saying [2]  928/18 931/2
says [6]  927/7 927/16 941/4 941/8
941/25 942/5
SCOTT [4]  916/17 918/8 920/5 930/18
seal [2]  932/1 932/10
seated [4]  932/21 934/5 934/6 936/19
second [8]  920/13 928/13 928/15
929/14 931/2 940/14 940/25 941/16
section [5]  937/22 937/22 940/15 941/7
941/25
security [8]  918/17 919/8 919/10 919/14
931/5 932/18 933/1 936/17
see [5]  918/24 928/10 930/25 942/4
945/22
seems [1]  942/8
seen [3]  921/3 941/1
selection [2]  931/9 931/21
send [3]  929/12 930/4 930/5
sent [1]  924/16
sentence [5]  939/1 941/13 944/23
944/24 944/25
sentencing [5]  936/20 937/14 944/11
943/18 944/25
separate [1]  927/18
separately [1]  923/9
serious [2]  939/4 945/2
service [3]  936/4 944/16 945/9
set [5]  930/22 937/4 937/12 941/16
945/12
shall [1]  941/5
Shaun [1]  935/11
she [3]  938/13 938/16 940/8
short [1]  944/17
should [5]  920/13 923/11 945/5 945/12
945/17
shown [1]  939/6
sic [1]  921/4
sidebar [2]  935/18 935/19
signed [3]  920/16 933/5 933/18
significance [1]  944/6
simple [1]  930/1
single [1]  939/11
sit [1]  930/11
Six [2]  921/2 933/16
so [2]  937/5
sold [1]  938/21
solicitation [7]  922/22 925/10 925/11
937/23 939/1 939/24 943/22
soliciting [1]  940/1
some [7]  920/16 921/8 921/19 921/20
936/7 936/10 938/1
someone [1]  919/16
something [10]  924/22 925/22 926/15
926/16 928/7 928/18 929/15 931/4
931/12 931/15
sometime [1]  937/5
sorry [2]  920/9 933/25
sound [1]  920/14
South [2]  916/14 916/23
speaker [1]  918/18
speakers [1]  918/24
spoke [1]  938/19
square [1]  927/6
stand [1]  933/21

standard [1]  945/17
star [1]  941/24
start [1]  923/4
state [1]  918/5
states [10]  916/1 916/3 916/13 918/7
920/4 920/8 930/17 941/22 942/14
945/9
status [3]  937/4 937/6 937/11
stay [1]  930/7
step [3]  924/9 927/1 930/2
stick [1]  936/9
still [3]  924/19 926/5 938/10
sting [1]  942/21
Street [2]  916/14 916/23
strict [1]  932/3
struggling [1]  928/22
subject [1]  938/3
submit [1]  929/15
subparagraph [1]  941/6
substantial [7]  939/10 940/16 941/11
942/20 943/6 943/8 943/24
substantive [1]  922/23
substituted [1]  931/17
sufficiency [1]  943/23
sure [11]  922/4 924/3 924/4 925/25
926/10 926/23 927/24 929/1 932/1
932/12 939/18
surrounding [1]  943/22
swept [1]  931/20
synagogue [1]  938/19
systems [2]  919/6 919/16

## T

take [14]  922/19 922/24 931/1 931/11
931/13 931/25 932/5 936/10 941/2
942/19 943/2 944/17 945/5 945/15
taken [1]  944/11
talk [1]  938/14
talked [1]  928/13
talking [5]  920/23 921/15 921/18 926/6
939/9
tell [6]  920/17 921/15 924/1 926/21
928/6 931/8
telling [1]  926/24
tenant [2]  938/9 938/23
term [1]  944/17
terms [2]  926/14 944/5
test [2]  919/11 919/14
testify [1]  943/12
testimony [2]  943/13 943/20
than [12]  920/11 920/15 923/23 924/24
924/25 926/3 927/7 927/10 927/16
927/17 929/19 945/1
thank [7]  919/24 934/3 934/21 934/24
935/17 936/4 936/16
thanks [2]  930/25 936/14
that [155]
that -- I [1]  939/18
that -- let's [1]  942/4
that if [1]  924/1
that's [21]  921/7 921/11 921/11 921/20
922/24 923/7 923/16 924/3 924/4 924/8
924/8 926/12 926/24 927/20 929/3
929/25 931/12 932/6 940/19 941/7
944/8
the -- it [1]  942/10
their [3]  920/22 924/20 927/6
them [22]  918/25 921/19 921/20 923/19
923/25 924/1 924/5 924/16 925/7

**T**

them... [13] 925/13 926/18 926/21
926/25 927/3 928/1 930/3 930/6 930/20
930/25 932/18 941/2 945/23
them -- if [1] 924/16
themselves [1] 943/21
then [32]
then -- actually [1] 932/1
there [17] 920/24 920/25 921/7 921/8
922/12 924/1 927/24 931/21 936/9
937/1 940/20 941/10 942/9 942/20
943/8 943/13 945/10
there's [3] 927/25 935/20 943/23
therefore [2] 942/24 944/25
these [2] 918/25 932/10
they [38]
they -- that [1] 943/10
they're [22] 920/23 920/24 921/7 921/9
921/21 922/5 922/16 923/12 923/13
924/3 924/6 924/7 924/14 924/15 925/2
925/3 926/6 926/23 926/24 926/25
927/14 928/22
thing [1] 932/7
things [4] 925/2 930/19 936/10 939/17
think [55]
think -- and [1] 938/11
thinking [3] 923/13 923/16 923/18
Third [1] 942/15
this [78]
this -- the [1] 942/23
this -- this [1] 942/8
those [3] 936/13 941/1 944/7
though [4] 921/5 928/25 932/2 942/21
threatened [1] 940/14
three [5] 921/1 923/1 923/17 933/10
945/21
through [1] 923/25
tight [1] 930/12
time [7] 936/5 936/8 936/22 936/24
937/13 937/21 945/7
times [1] 938/6
Title [1] 940/7
today [1] 918/14
together [2] 938/18 945/18
told [1] 926/18
too [1] 923/6
took [1] 936/6
track [1] 937/11
transcript [2] 916/10 946/5
transcripts [1] 943/13
travel [1] 942/9
treat [1] 936/13
treating [1] 936/6
trial [6] 916/10 936/22 938/2 941/12
941/19 943/6
trial -- but [1] 941/19
trials [1] 936/12
tried [3] 931/9 931/22 932/16
tries [1] 927/14
triggered [1] 941/17
trustee [1] 938/22
try [3] 924/12 924/13 945/6
trying [1] 927/2
two [16] 920/12 920/24 920/25 921/5
921/5 921/11 923/17 925/6 927/8
928/25 929/1 929/8 933/8 938/23
938/23 945/21
two-or-three-days [1] 945/21
typo [1] 931/17

**U**

U.S [1] 939/22
U.S.C [4] 937/22 940/12 942/12 942/18
unanimous [3] 930/23 931/3 932/23
under [11] 931/25 932/10 932/13 937/22
939/25 940/7 940/15 942/1 942/17
944/3 945/6
underlying [5] 922/23 922/23 925/11
925/12 937/24
understand [8] 923/18 924/6 928/12
929/1 930/1 932/22 938/10 945/24
UNITED [9] 916/1 916/3 916/13 918/7
920/4 930/17 941/22 942/14 945/9
unless [2] 920/22 941/10
unpublished [1] 939/23
unrecorded [1] 943/12
until [1] 945/7
up [8] 919/6 919/16 920/9 921/16
921/22 924/17 945/13 945/22
upload [1] 931/25
us [4] 918/12 923/1 927/4 930/7
USA [3] 916/3 930/14 930/14
use [13] 921/10 922/15 922/20 922/22
926/7 927/6 927/16 927/16 927/19
939/2 940/13 940/13 940/14
used [9] 922/9 922/11 922/12 922/14
922/16 923/23 924/1 928/3 928/5
using [3] 921/18 926/6 928/3

**V**

verdict [20] 917/5 930/23 931/3 932/23
932/25 933/2 933/3 933/24 934/1 934/7
934/10 934/13 934/16 934/19 934/25
935/3 935/6 935/9 935/12 935/15
very [13] 934/23 936/4 936/16 937/5
938/8 939/9 939/10 941/16 942/9
944/23 945/2 945/16 945/24
violence [14] 939/25 940/7 940/10
940/11 940/15 940/19 940/25 941/8
941/9 941/20 941/25 942/12 942/17
942/24
violent [1] 939/7
VOLUME [1] 916/10

**W**

Wacker [1] 916/21
Wait [1] 929/3
WALLIN [5] 916/20 918/8 920/5 930/18
932/4
Walsted [2] 935/11 935/13
want [17] 926/21 927/3 928/18 931/1
931/4 931/11 931/25 932/5 932/11
932/18 935/21 936/24 938/7 939/10
943/1 943/7 945/24
wanted [3] 918/11 923/19 924/21
was [39]
Water [1] 916/23
watering [2] 927/20 927/25
way [6] 919/17 922/12 928/9 929/20
932/2 940/15
ways [2] 944/19 945/3
we [70]
we -- okay [1] 923/22
we -- we [2] 928/1 936/21
we'll [1] 930/12
we're [3] 924/19 928/22 938/15
week [3] 936/5 937/5 945/13
weeks [4] 931/10 931/22 938/23 938/24
well [9] 922/2 926/20 928/1 933/6
933/18 936/14 943/2 944/12 944/23

well. [1] 924/3
well. But [1] 924/3
were [7] 918/1 918/16 921/16 921/20
931/19 943/18 945/1
West [1] 916/21
what [50]
whatever [5] 918/16 924/9 928/22 929/7
945/18
when [7] 928/4 930/5 931/16 933/20
940/8 944/4 945/20
where [1] 922/6
whereby [1] 927/24
whether [17] 921/3 923/10 924/23
925/14 925/25 926/1 927/1 927/2 927/9 928/5
929/18 940/5 940/6 940/12 940/15
941/9 942/12 942/16
which [16] 919/1 919/11 920/7 920/25
920/25 921/6 925/5 926/18 929/6
931/17 938/16 939/17 939/22 940/6
940/12 942/9
which -- on [1] 920/25
while [1] 943/19
who [6] 918/12 918/24 920/6 926/24
938/15 941/5
who's [1] 930/19
whole [1] 943/19
why [6] 924/8 924/8 930/8 930/11 941/9
944/25
will [31] 918/23 919/1 919/15 919/17
923/4 926/4 927/22 927/23 928/6
928/10 930/4 931/8 932/9 932/10
932/11 933/2 936/9 936/23 937/3
937/12 937/12 941/12 943/7 943/16
944/2 944/19 944/24 945/16 945/19
945/22 945/23
Williams [1] 940/8
willing [2] 931/24 932/2
without [1] 943/13
witness [2] 938/20 943/10
witnesses [1] 938/5
won't [3] 924/6 937/10 938/23
wondered [1] 921/17
wondered -- because [1] 921/17
wondering [7] 918/25 919/8 919/10
921/9 923/6 923/12 923/13
wondering if [1] 923/12
word [1] 922/4
words [1] 928/3
working [1] 931/19
works [1] 919/15
would [16] 919/5 922/13 923/24 926/5
927/13 927/15 929/6 929/22 930/7
932/7 936/8 936/13 938/9 943/8 944/12
945/1
write [1] 928/10
written [2] 935/23 937/12
wrong [2] 924/5 928/6
wrote [2] 924/17 930/21

**Y**

yeah [2] 923/16 927/19
year [1] 939/21
years [4] 938/18 939/1 939/2 939/7
yes [31] 918/20 918/25 919/5 922/25
925/1 926/4 926/11 927/11 927/15
927/22 928/15 929/1 929/4 929/5 930/9
930/10 931/16 932/1 932/9 932/19 934/2
934/8 934/11 934/14 934/17 934/20
935/1 935/4 935/7 935/10 935/13
935/16
yesterday [2] 918/11 918/14

## Y

yet [3]  920/21 926/21 937/10
you [125]
you -- have [1]  930/8
you're [9]  921/18 923/18 932/22 939/2
 939/3 939/9 942/5 943/25 945/20
younger [1]  945/1
your [44]
your -- is [1]  925/14
yourself [1]  932/4
Yousef [1]  935/14

## Z

Zaatar [2]  935/14 935/16
Zataar [2]  932/22 932/24