**FILED**
SEP 12 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DANIEL DVORKIN )
    Petitioner, )
                     ) Case No. 1:12-CR-500-1
v. )
UNITED STATES OF AMERICA )
    Respondent. )
                     )

**MOTION FOR LEAVE OF COURT TO AMEND PENDING MOTION PURSUANT
TO FEDERAL RULES OF CIVIL PROCEDURE 15(A)(2)**

COMES NOW petitioner DANIEL DVORKIN, pro se, do hereby make this request for leave of court to amend the pending motion under 18 U.S.C. § 3742 submitted to this court on
This request is appropriate under Fed. R. Civ. P. 15. Rule 15 of the Federal Rules of Civil Procedure provided that an amendment of a pleading related back to the date of the original pleading-the complaint in an ordinary civil case or the petition in a habeas corpus proceeding-when the original pleading and the amendment arose from the same "conduct, transaction, or occurence". see Mayle v. Felix, 162 LED2D 582, 545 U.S. 644. An application for a writ of habeas corpus must be made to the appropriate district court. Because the district court has not dismissed the pending motion, this request is timely. In support of, petitioner states as follows:

1. A U.S. Court of Appeals lacks jurisdiction to hear a habeas appeal without a certificate of appealability. see United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007). Such a certificate of appealability may issue "only if the applicant

1

has made a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Moreover, although a circuit judge has authority to grant a certificate of appealability to a habeas petitioner, a petitioner appealing a denial of a habeas corpus pleading, or a petitioner who seeks the certificate of appealability to the Court of Appeals for jurisdictional purposes should seek the certificate from the district court.

2. Section § 2253(c)(1) is not the only provision of law governing certificates of appealability, however, Fed. R. App. P. Rule 22(b)(1) provides that a habeas petitioner "cannot take an appeal unless a circuit justice or a circuit or a district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)". Fed. R. App. P. 22(b)(1)(emphasis added).

3. As the advisory committee notes accompanying Rule 22(b)(1) make clear, the reference to a "district judge" in the language of the rule resolves the ambiguity in § 2253"s statutory language in favor of allwoing district judges to issue a certificate of appealability. See Fed. R. App. P. 22 advisory committee's note (1998 amendment); and also Lyons v. Ohio Adult Parole Authority, 105 F.3d 1063, 1070 (6th Cir. 1997).

4. The district court who rendered the judgement must either issue a certificate of appealability or state why a certificate should not be issued.

5. The district court clerk must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district court proceedings. This mechanism does

not limited to motions under 28 U.S.C. § 2255. However, should the district court attempt to construe the pending pleading as such, and the court, respectfully, should not, petitioner amends the pleading to enter into record a request for certificate of appealability.

6. In United States v. Cook, 1998 U.S App. LEXIS 2123 (6th Cir. 1998), the SIxth Circuit opinioned: "We are reluctant to affirm directly the district court's decision to construe Cook's motion as one being brought under § 2255. The principle favoring liberal construction of pro se pleadings, aid is applicable to non-lawyers who appear before the court. See Franklin v. Rose, 765 F.2d 82, 84 (6th Cir. 1985). As such, we hesitate before using the liberal—construction principle in a way that adds extra prejudice to a petitioner in the disposition of his case because a defendant will have great difficulty in filing in the future".

7. Here, it is without a doubt that the petitioner's claim of being sentenced in violation of the double jeopardy clause, if correct, would be a cognizable claim warranting relief. The review request is for clear error. Section § 3742 provides a gateway for a defendant to appeal an otherwise final sentence if the sentence was imposed in violation of the law. As a threshold matter, the statue allows a party or its representatives to be relieved from a sentence in violation of the Constitution. The language of the statue is not facially ambiguous.

8. The integrity of heabeas proceedings is offended when a court recognizes a plausible claim made by a petitioner, and professes the claim to be trivial.

9. Mr. Dvorkin contends that the process of 18 U.S.C. § 3742 specifically involves a review of the sentence after an appeal by a defendant...and the District Court does not enter into the process unless the Court of Appeals remands for resentencing.

10. Section § 3742(d) requires that the clerk of the court, upon receipt, certify to the court of appeals (1) the portion of the record in the case that is designated as pertinent by either of the parties; (2) the presentence report; and (3) the information submitted during the sentencing proceedings.

11. The motion was filed on June 26, 2018. PACER records do not reflect the ECF to CCA. Petitioner requests that this court order compliance with the provisios of the statue to allow review by the Court of Appeals for authorization to the district court to provide relief.

12. WHEREFORE, petitioner now respectfully prays this court will invoke such order to the clerk of the court.

Respectfully Submitted,

*Daniel Dvorkin*
Daniel Dvorkin
P.O. Box 1000
Petersburg, VA 23804
FCI Petersburg-Low
Reg. No. 44781424

4

Daniel Dvorkin #44781-424
P.O. Box 1000
Petersburg, Virginia 23804
Federal Correctional Complex-Low

**CERTIFIED MAIL**

7017 1450 0000 3711 2698



⇔44781-424⇔
Clerk Of U S District Court
United States Courthouse
219 S Dearborn ST
Chicago, IL 60604
United States

INSPECTED BY T.R.
UNITED STATES
MARSHALS SERVICE



09/12/2018-13



FCC PETERSBURG
P.O. BOX 90026
PETERSBURG, VA 23804

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee please return the enclosure to the above address.

SEP 5 '18 AM 11:31